**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TAMAS HORVATH, | ) | 3:16-cv-00553-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re: ECF No. 63 |
| BRIAN WILLIAMS, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 63).[1] Defendant has opposed (ECF No. 65) and Plaintiff replied (ECF No. 67).

Plaintiff bases his motion on (1) the fact he is unable to afford counsel, and (2) that Plaintiff "is a Hungarian national with severely limited proficiency in English as it relates to reading, writing, and speaking." (ECF No. 63 at 5.) Plaintiff further contends he "is limited in his ability to understand English in any form without translation by a competent translator. Plaintiff's ability to proceed successfully in his cause of action is severely truncated as a result. He has no knowledge of the United States system of civil justice and all areas of law pertaining to his case." (*Id.*)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which

---

[1] Although it appears Plaintiff has used a form which is to be utilized in habeas corpus matters and references United States Code Title 28, § 2254 (habeas corpus), the court will consider plaintiff's "motion" in the context of his § 1983 action.

a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 7, 13, 18, 35, 37, 48, 50, 51, 53, 60, 66.) He has not adequately addressed the factor whether he will likely succeed in the prosecution of his civil rights action.

As to Plaintiff's language concerns, Plaintiff contends that he "is a Hungarian national with severely limited proficiency in English as it relates to reading, writing, and speaking." (ECF No. 63 at 4.) The court notes that all of Plaintiff's motions and/or responses, including his motion for appointment of counsel, are handwritten without any grammatical or spelling errors. This is not the writing of someone who needs an appointed attorney to navigate any alleged language barriers. The court further notes that Plaintiff drafted a Complaint that survived screening (ECF Nos. 9, 10) and successfully opposed a Motion for Summary Judgment. (ECF No. 59). Additionally, Plaintiff has served discovery requests and argued a Motion to Compel said discovery requests. (ECF No. 64.)

Mr. Horvath counters by stating the inmate assistant who has worked with him on his case, inmate Patrick Newell, will soon be released from Northern Nevada Correctional Center (NNCC). (ECF No. 67.) In the court's experience, there have been multiple inmates who have provided fellow inmates assistance on drafting documents, submitting pleadings, etc. There is no suggestion in Plaintiff's response that Inmate Newell is the only inmate in NNCC who provides such services.

The court also refers to the Minutes of Proceedings of the court's November 14, 2017, status conference when the court discussed Plaintiff's initial motion for appointment of counsel (ECF No. 12). Appearing with Plaintiff Horvath at the status conference was NDOC Case Worker Whirley. Mr. Whirley stated that although Plaintiff's native language is Hungarian, he (Mr. Whirley) was of the belief that "as long as the English language is delivered in simple terms and is sometimes with

Mr. Horvath, Mr. Horvath is able to understand and engage in conversation." (ECF No. 12 at 2.)

Although Case Worker Whirley referred to inmate legal assistance being available at High Desert State Prison (HDSP), this is consistent with the court's interpretation of law library access and assistance at NNCC.

The court also refers to the Minutes of Proceedings of February 11, 2019, when Plaintiff appeared to be able to adequately represent his own interests at the court's status conference (ECF No. 64).

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's Complaint was allowed to proceed on Counts I, II, III and IV, alleging failure to protect, against Defendants Prentice and McMurry, and a portion of Count VI, alleging due process violations, against Defendant Sgt. John Doe. (ECF No. 9 at 12.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

While any *pro se* inmate such as Mr. Horvath would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them

effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 63). If, however, Plaintiff can demonstrate he is unable to secure law library inmate assistance at NNCC, the court would entertain a renewed motion. Plaintiff is cautioned, however, he would have to establish that not only is he personally unable to articulate his claims, that he is likely to succeed on the merits of his remaining claim against Defendant Prentice.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. §636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to the court's order within fourteen (14) days after service of the order. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

DATED: March 4, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE