UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMAS HORVATH, | Case No. 3:16-cv-00553-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| BRIAN WILLIAMS, SR., *et al.*, | |
| Defendants. | |

*Pro Se* Plaintiff Tamas Horvath, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 97) recommending that the Court grant Defendants Steve Prentice and Dale Roberson's motion for summary judgment ("Motion") (ECF No. 89) and deny Plaintiff's request to defer ruling on the motion under Fed.R.Civ.P. 56(d) (ECF No. 93). Plaintiff had until May 26, 2020, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and grants the Motion.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); see also *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the

1  magistrate judges' findings and recommendations is required if, but only if, one or both
2  parties file objections to the findings and recommendations.") (emphasis in original); Fed.
3  R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy
4  itself that there is no clear error on the face of the record in order to accept the
5  recommendation").

6  Nevertheless, the Court conducts *de novo* review to determine whether to accept
7  the R&R. Judge Cobb found that Plaintiff failed to satisfy the subjective element of his
8  failure to protect claim because he did not produce evidence that Prentice had knowledge
9  of the risk Plaintiff's cellmate posed to Plaintiff's safety. (ECF No. 97 at 5-10.) On the other
10 hand, Judge Cobb determined that Prentice had provided evidence establishing that he
11 was not aware of any risk posed by Plaintiff's cellmate. (*Id.* at 8-9.) Judge Cobb also found
12 that because Plaintiff never filed a first or second level grievance regarding his confiscated
13 property, he did not properly exhaust his due process claim against Roberson. (*Id.* at 10-
14 13.) Because Plaintiff did not establish the subjective element of his failure to protect claim
15 and because his due process claim is unexhausted, Judge Cobb found no genuine issue
16 of material fact exists regarding Prentice's and Roberson's actions. (*Id.* at 10, 13.) For
17 these reasons, Judge Cobb recommends that Defendants' Motion be granted and
18 Plaintiff's request to defer ruling on the motion be denied. (*Id.* at 13.) Upon reviewing the
19 R&R and underlying briefs, this Court finds good cause to adopt Judge Cobb's
20 recommendation in full.

21 It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No.
22 97) is adopted in its entirety.

23 It is further ordered that Defendants' motion for summary judgment (ECF No. 89)
24 is granted.

25 It is further ordered that Plaintiff's request to defer ruling on Defendants' motion
26 under Fed.R.Civ.P. 56(d) (ECF No. 93) is denied.

27 ///
28 ///

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 1st day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE